### N. & W. J. SMITH v. J. M. CRABB.

Agency—Establishment of—Burden of Proof.
    The burden of proving an agency is on the one claiming to act as such.
Instructions as to Competency of Evidence.
    It is error to refer the competency of evidence to the jury. All evidence permitted, by the court, to go to the jury should be regarded by them as competent.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 1, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The court, in appellee's first instruction, having told the jury that it was essential for defendant to prove authority from the plaintiff to purchase for him gold on margin in the name of N. Smith, added also, "and if *in the opinion* of the jury the defendants *have failed to prove this by competent testimony,* then they

should find for plaintiff." There are two objections to this instruction. Whilst it was certainly correct to say that the burden of proving an authority from appellee to purchase gold on margin for him was on defendants, it was not essential to prove in what name it was to be purchased, and although defendants should show that the gold was purchased in good faith for plaintiff, yet according to this instruction, they might then be defeated, because they could not show it was agreed this should be done in N. Smith's name, when likely no name was suggested or agreed on, nor does the proof show any such was.

It was also erroneous in referring the competency of the evidence to the jury, as all evidence permitted by the court to go to the jury should be regarded by them as competent, and with which they have nothing to do, but they must determine the conclusion to be drawn from this evidence, under this instruction, instead of deciding what the evidence established. They may have disregarded it as incompetent to establish the authority in the defendants to purchase gold on margin.

The fourth instruction given for appellees is also objectionable in its peremptory direction to the jury that there was no evidence of a legal binding ratification of a purchase of gold upon margin by defendants for plaintiff, instead of instructing what would amount to a binding ratification, and leaving it to the jury to determine whether it was established, for certainly there is evidence tending to prove such ratification, and this should not have been withdrawn from the consideration of the jury by a peremptory instruction.

If appellee did authorize the defendants at their discretion to invest the remainder due from them to him in gold on margin without special instruction on agreement as to the name in which the investment was to be made, and they did in good faith so invest it in the name of N. Smith, appellees are bound by the contract, and should suffer the loss.

The investment in the name of N. Smith may raise an unfavorable inference as to its being done for appellee, yet this inference may be repelled by showing that defendants did so invest at the time for some friend, and they regarded it all the time as for appellee, and especially if they were not in the habit of so investing on their own account, as may be inferred from their occupation

being commercial and not financial, and from a total absence of any proof of such habit.

As to whether it was agreed to invest in any particular name, or whether any special instructions were given, or whether the investment was to be for cash gold or on margin, or whether appellants in good faith did so invest for appellee in the name of N. Smith, are all proper issues of fact, which the jury should be permitted to decide upon the evidence, as well as whether appellee, with a knowledge of the facts, afterwards recognized and ratified said investment.

The judgment is reversed, with directions for a new trial and further proceedings as herein indicated.

*Barrett & Roberts, for appellant.*

*Mix, for appellee.*